## GUILLOT v. KERSHNER.

### No. 4432.

Court of Civil Appeals of Texas. Texarkana.

Nov. 9, 1933.

William F. Bane and John C. Read, both of Dallas, for appellant.

Couch & Couch, of Bonham, for appellee.

LEVY, Justice (after stating the case as above).

It is believed the point made on this appeal may not be sustained that the evidence wholly fails to show that any fraud was perpetrated, even prima facie, by either of the defendants. As stated in Kerr on Frauds and Mistakes:

"Fraud is so various in form and color that it is difficult, if not impossible, to confine it within the limits of any precise definition." Fraud in law is what the law condemns from all the facts and circumstances surrounding a transaction: generally, an act or course of deception, deliberately practiced with a view of gaining a wrong or unfair advantage. As claimed by the plaintiff in the controverting affidavit, he was induced to and did give his check and exchange his corporate stock in the Amicable Life Insurance Company upon the affirmative statement and representation of Mr. Culver, purporting to act for appellant, "that he was selling stock in the Ford Motor Company and manufacturing plant located in Michigan * * * with the distinct understanding that he (plaintiff) was to receive therefor twenty-five shares of the Ford Motor Company stock in the Michigan Company." The pertinent evidence in behalf of the plaintiff only need be referred to briefly.

The wife of the plaintiff testified:

"Q. Just tell what you heard them (plaintiff and Culver) say. A. Well, Mr. Culver came to our house, and came in and took a seat. Almost without saying much he says, 'Well, it is useless for me to say I am selling Ford stock. I met a friend of yours and he told me he wanted me to come out here and offer some of it to you.' Mr. Kershner was laying on the couch at the time and he raised up and set up and says, 'Ford stock, do you mean Henry Ford?' He says, 'There is only one man when we say Ford by that name recognized in the business world.' Mr. Kershner and him talked on about Mr. Ford and the way he carried on his business," etc.

The plaintiff testified:

"Q. Just tell the court all the conversation that took place between you and the man (Culver). A. He came in the house and he sit down in a chair. He says, 'No need to ask questions about Ford stock for everybody knows it is all O. K.' I says, 'Henry Ford?' he says, 'Yes, there is but one Ford in this wide world, and I am selling shares at $100.-00 a share, and the last dividend they paid was 20 per cent.' I says, 'Up here in Michigan?' and he says, 'Yes.' Right there I took hold. * * * I just thought, Why, there was something grand. There was not anything said about any activities of Mr. Ford in Germany. Germany was not named. If I had known Mr. Culver was there to sell Ford of Germany bonds I would not have fooled with them two minutes. I would not have bought stock or bonds in Mr. Ford's German Corporation. * * * All this talking was in Fannin County, and these bonds came by mail to me at my home in Fannin County. * * * I was to get for my stock in the Amicable Life Insurance Company and the $500.00 Ford stock of the worth of $2500.00," etc.

Although the proof of the representations and statements made is not in the exact language of the representations as they are set out in the controverting affidavit and petition, yet it may not be reasonably held there is no proof in substantial conformity to the allegations. The trial court was authorized to conclude, as presumably he did, that the seller by persuasive statements in evidence, and by the withholding of the material fact of the true Ford Corporation issuing the corporate stock which he was actually endeavoring to sell, had sown the seeds of confidence in the mind of the plaintiff that he was procuring stock in the Ford Motor Company of Michigan, accomplishing the fraud complained of. At least a prima facie case appears, as respects a plea of privilege, supporting the alleged venue or county of trial of the case. This case is quite unlike in facts the case of Neyland v. Benson (Tex. Civ. App.) 292 S. W. 251.

This present ruling is intended to be limited to the plea of privilege, being based entirely on the evidence in behalf of plaintiff.

The interlocutory order of the trial court is affirmed.